THEO SPERRY, Plaintiff, *v.* SERGE FLIEGERS et al., Defendants.

Supreme Court, Special Term, New York County, February 1, 1949.

*Murray K. Josephson* for Natasha Fliegers, defendant.
*Warren M. Rodgers* for plaintiff.

PECORA, J. Motion to vacate service of summons is denied. Personal service of process without the State without an order can be made where the defendant is a resident of the State and the complaint demands judgment of a sum of money only, as well as in cases specified in section 232 of the Civil Practice Act (Civ. Prac. Act, § 235). The action here is one for the recovery of a sum of money only, and movant does not deny she is a resident of this State. Service was therefore properly made on the defendant in Paris, France. The contention that service here was void because the affidavit of service does not conform with the requirements of subdivision 6 of rule 53 of the Rules of Civil Practice cannot be sustained. In the first place plaintiff has overcome this objection, if it had validity, by filing another affidavit with the certificate of the Secretary of State of the United States annexed thereto within the sixty-day period permitted by section 235 of the Civil Practice Act. Secondly, the original affidavit would have sufficed. Subdivision 6 of rule 53 does not prescribe before whom the affidavit of service must be sworn to. Section 359 of the Civil Practice Act provides that an affidavit may be taken without the State before an officer authorized to take acknowledgments of deeds to be recorded, and when certified by him to have been taken before him and accompanied by a certificate as to his official character and the genuineness of his signature as are required to entitle a deed to be recorded within the State. The affidavit here was taken before a United States consular official. Section 301 of the Real Property Law lists those categories of persons who can take acknowledgments and proofs of deeds in foreign countries. Under subdivision 1 thereof, United States diplomatic and consular agents appointed or accredited to, and residing within, the country where the acknowledgment or proof is taken, can take such acknowledgment and proof. Under section 311 of the Real Property Law no certificate of authentication shall be required to entitle a conveyance to be recorded when acknowledged or proved before United States diplomatic or consular agents. Consequently the acknowledgment in the instant case taken before a United States Vice-Consul under the seal of his office was sufficient without a certificate of authentication.

Defendant may appear and answer within ten days after service of a copy of the order to be entered hereon with notice of entry. Settle order.